### THE PEOPLE *on rel.* THE TREMONT BANK *a.* CONNOLLY.

*Supreme Court, First District ; At Chambers, August,* 1858.

ATTACHMENT.—NOTICE OF PENDENCY OF ACTION.

Section 132 of the Code as amended in 1858 (*Laws of* 1858, 491, ch. 306, § 4), providing that a notice of the pendency of an action affecting the title to real property, or an action in which an attachment affecting real property has been issued, shall be constructive notice to purchasers or incumbrancers ; and that every person whose conveyance or incumbrance is subsequently executed or subsequently recorded, shall be deemed a subsequent purchaser or incumbrancer, and bound by subsequent proceedings as if a party to the action—does not authorize the filing of a notice against prior purchasers or incumbrancers who are not parties to the action.

Application for a *mandamus.*

The facts are stated in the opinion.

*Smith & Washburne,* for the relators.

*J. R. Lawrence, Jr.,* for the defendant.

SUTHERLAND, J.—Messrs. Smith and Washburne, attorneys of this court, recently commenced six different actions in this court against Samuel C. Demarest, in one of which actions the relators were plaintiffs, and in one of which Demarest was the sole defendant; in one, Claudius B. Conant was made a party defendant with him, and in the four others, Chas. H. Stone and Wm. A. Dodge were made party defendants with Demarest and Conant.

In each of these actions an attachment was issued against the property of Demarest.

One of the alleged grounds upon which the attachments were issued was, that Demarest, with intent to defraud his creditors, had, in connection with Claudius B. Conant, assigned and conveyed a valuable store and lot in this city to Charles Starr, Jr., without consideration, and with the understanding and agreement that Starr should subsequently convey the same to the wife of Demarest, to be held by her for his benefit; and that in pursuance thereof, Starr had· conveyed the store and lot to the wife of Demarest, and the same stood of record in her name, and was held by her for the benefit of Demarest and in fraud of his creditors.

Smith and Washburne, as attorneys for the plaintiff, subsequently filed with the clerk of the city and county of New York a notice of the pendency of the actions, in pursuance of section 132 of the Code, as amended in 1857 and 1858, containing the title and naming the parties to the object and the cause of the action; the grounds upon which the attachment issued; a description of the property claimed to have been conveyed as aforesaid, and to be affected by the attachments, and a notice that the same was filed for the preservation of a lien created upon said property by said warrant of attachment as against any and all holders of the same from or under Samuel

C. Demarest, his wife, Charles Starr, Jr., or Claudius B. Conant.

On filing the notices, Smith and Washburne requested Mr. Connolly, the clerk, to index in his books kept for that purpose, the names, not only of the several parties in each of the said actions, but also of the said Conant, Maria Demarest, and Charles Starr, Jr., offering at the same time to make the clerk a suitable compensation beyond his ordinary fee for such extra labor.

The clerk declining to make the index or record of the names of any or either of said persons except as they appeared, and in the actions in which they appeared as defendants, Smith and Washburne, on a verified petition stating the above facts, obtained an order to show cause why a writ of mandamus should not issue, commanding the said clerk to index in a suitable manner for the protection of the plaintiffs and purchasers, &c., the names of Claudius B. Conant, Maria Demarest, and Charles Starr, Jr., and now on the return of the order to show cause, ask for the mandamus.

It is very clear that in this application the attorneys for the attaching creditors in said actions have proceeded on the idea, that although Demarest had actually conveyed the property to Starr, and Starr to the wife of Demarest, before the attachments were issued, yet that the attaching creditors had a right, on commencing said actions, and obtaining their attachments, to assume that their allegations of fraud are true, and that such conveyances to Starr and to the wife were void, even as against him and her not made parties to either of the actions; and as against Conant in the action to which he is not a party.

The object of this application is to bind parties whose conveyances were prior to the issuing of the attachment, and to prevent them from conveying without making them parties to the action, and without any injunction order.

Such an idea cannot be correct, or such a purpose lawful; and if effected, would be contrary to the plainest principles of justice. Nor do I think there is any law countenancing any such idea or purpose. By section 132 of the Code, the notice which the plaintiff may file with the clerk of the county in which the property is situated, is to contain *the names of the parties*, the object of the action, &c. It provides that "from

the time of filing only, shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby." This means that the pendency of the action against a grantor *from whom title is to be taken*, not from whom *it has been taken before the commencement of the action*, shall be notice to a grantee, &c., subsequent to the filing of the notice. The amendment of 1858 (*Laws of* 1858, 491, ch. 306, § 4) is, that every person whose conveyance or incumbrance *is subsequently* executed or subsequently recorded, "shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent *as if he were made a party to the action.*"

Without a full examination of the purpose and effect of this amendment, I think it safe to say that it does not apply to grantees or incumbrancers prior to the commencement of the action or the filing of the notice, not parties to the action.

Section 229 of the Code authorizes an attachment where the defendant has "assigned, disposed of, or secreted" his property with intent to defraud his creditors. Admitting this to refer to real as well as personal property, the Code does not say or mean that the attachment shall be a lien on the specific property which has been so fraudulently disposed of, &c.

The fraudulent disposition, &c., of any property is the ground upon which the attachment issues. The attachment becomes a lien on the property on which it is levied.

The fraud gives a right to a lien, but does not create one.

The motion for a mandamus must be denied, with ten dollars costs.